[No. 21444.  Department Two.  December 28, 1928.]

KENT LUMBER & TIMBER COMPANY, *Respondent,* v.
MONTBORNE LUMBER COMPANY, *Appellant.*[1]

*Thomas Smith, James G. Smith,* and *J. L. Corrigan,*
for appellant.

*Karl F. Hass,* for respondent.

PARKER, J.—The plaintiff, Kent Lumber & Timber
Company, commenced this action in the superior court
for King county, seeking recovery of damages from
the defendant, Montborne Lumber Company, alleged
as the result of the failure of the defendant to deliver
to the plaintiff lumber in compliance with five written
sale contracts entered into between them.

Trial upon the merits in that court, sitting without
a jury, resulted in findings and judgment awarding to
the Kent Company recovery as prayed for, from which
the Montborne Company has appealed to this court.

The sale contracts in question are in the form of
orders by the Kent Company and acceptances thereof
by the Montborne Company.  Each was made in con-

[1]Reported in 272 Pac. 957.

templation of the Kent Company's shipping the lumber by ocean vessel to its customers in foreign countries.

One was dated March 5, 1927, and stipulated delivery at Seattle "to be alongside steamer March 20 to 25, exact date later." One was dated March 5, 1927, and stipulated delivery at Seattle "to be alongside steamer about April 15, 1927." Two were dated March 9, 1927, and stipulated delivery at Everett "to be alongside vessel about middle of April, 1927," and one was dated March 25, 1927, and stipulated delivery at Seattle "to be alongside steamer in May, date to be given you."

A printed stipulation on the back of each contract, made part thereof, reads as follows:

"Buyer may cancel shipment of this order on account of excessive shipping delays by written or telegraphic notice to seller, where no specific time of shipment is stated herein. Where specific time for shipment is stated herein, buyer shall have the option of cancellation in above manner on or after the expiration of such specified time."

The Montborne Company partially performed its part of each contract by delivery of a portion only of the lumber as contemplated by each contract, receiving full payment therefor; but, without justification or excuse, as claimed by the Kent Company, left each contract in that respect partially unperformed. The Kent Company then went into the open market and bought lumber in sufficient quantity to make up the amount of lumber the Montborne Company failed to deliver under the contracts, the Kent Company being compelled to pay therefor a price in excess of the price it agreed to pay the Montborne Company, and which that company agreed to accept in payment of the lumber specified in the several contracts.

It is to recover damages, measured by this excess

which the Kent Company was so compelled to pay for the lumber it so purchased, that it seeks recovery from the Montborne Company in this action.

It is contended in behalf of the Montborne Company that the contracts are wanting in mutuality of obligations, by reason of the above quoted cancellation privilege of the Kent Company, the buyer, and that therefore the contracts, in so far as they remain unperformed, are of no binding force on either party.

If the cancellation privilege entirely frees the Kent Company from all obligation to perform, it may be conceded that thereby the Montborne Company is also freed from all obligation to perform; but we do not so construe this quoted cancellation stipulation. It does not give to the Kent Company, the buyer, the unconditional privilege of cancelling the contracts. It is only "on account of excessive shipping delays," manifestly referring to delays of the seller in its delivery of the lumber to the place it contracts to deliver it, that the buyer would have any right of cancellation of the contracts.

We think we have quoted sufficient of the contracts to plainly show that in none of them is there any specifically fixed time of delivery. So, it seems to us that whatever controversy might arise between the buyer and seller, as to the time of delivery under these contracts, would be determinable by the rule of reasonable time under all the circumstances. So viewing the contracts, it seems plain to us that, since the Kent Company, the buyer, does not have an unconditional right of cancellation, there is not in law such a want of mutuality as to make the contracts void. 13 Cyc. 337.

The other contentions made in behalf of the Montborne Lumber Company, as we view them, are only questions of fact as to sufficient demand of perform-

ance having been made by the Kent Company upon the Montborne Company, as to the Montborne Company's neglect or refusal to comply therewith, as to the Kent Company's offering to perform upon its part by payment of the agreed purchase price upon delivery, and as to the amount the Kent Company was actually damaged. A reading of all the evidence convinces us that touching these questions it amply supports the judgment.

The judgment is affirmed.

FULLERTON, C. J., MAIN, and FRENCH, JJ., concur.